STATE OF MICHIGAN
IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SERGEANT JAMES STANLEY,

    Plaintiff,

v.

MACOMB COUNTY,
SHERIFF ANTHONY M. WICKERSHAM,
UNDERSHERIFF ELIZABETH DARGA,

    Defendants.

Case No:
HON.

---

THE CORTESE LAW FIRM, PLC
Nanette L. Cortese (P43049)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 593-6933/fax (248) 593-7933
ncortese@thecorteselawfirm.com

---

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff James Stanley by and through his attorneys and hereby states as follows:

### I. JURISDICTIONAL AVERMENTS

1. Plaintiff James Stanley is a resident of the City of New Baltimore, Michigan.

2. Upon information and belief, Defendant Sheriff Anthony Wickershem is a resident of the County of Macomb, State of Michigan, and is being sued in his individual and official capacities.

3. Upon information and belief, Defendant Undersheriff Elizabeth Darga is a resident of the County of Macomb, State of Michigan, and is being sued in her individual and official capacities.

1

4. Defendant Macomb County is a governmental entity duly authorized to do business in the County of Macomb, State of Michigan.

5. The events giving rise to this Cause of Action occurred in Macomb County, Michigan.

6. Plaintiff brings this action for damages arising out of 42 U.S.C. §1983 for violation of Plaintiff's First and Fourteenth Amendment rights and unlawful discrimination/harassment resulting in being placed on administrative leave, which resulted in emotional and economic damages to Plaintiff, which confers Federal question jurisdiction.

## II. FACTUAL ALLEGATIONS

7. Sergeant James Stanley is currently employed by the Macomb County Sheriff's Department in the Corrections Department.

8. On August 25, 2017 Plaintiff James Stanley filed his Complaint and Demand for Jury Trial against Defendants Macomb County, Sheriff Anthony M. Wickersham and Captain Walter Zimney in this Honorable Court. *James Stanley v. Macomb County*, 2:17-cv-12800. The crux of the Complaint filed by James Stanley were allegations that he was retaliated against after supporting a political opponent of Sheriff Anthony M. Wickersham, David Willis, in the 2012 election.

9. The allegations of retaliation included being passed over for a promotion; the Department looking for pretext to write up James Stanley; and demoting James Stanley from Corrections Sergeant 1 to Corrections Deputy.

10. On May 16, 2018 James Stanley took the deposition of Sheriff Anthony M. Wickersham and the deposition of Undersheriff Elizabeth Darga.

11. On or about November 8, 2018 the United States District Court granted the Defendants' Motion for Summary Judgment and dismissed the case brought by James Stanley.

12. James Stanley was disciplined for an incident that occurred on or about September 23, 2018 when he was forced, under policy, to taser an inmate who was not being cooperative. He was given a verbal warning with training, issued on or about December 21, 2018.

13. On February 8, 2019 James Stanley was informed that he was being placed on Administrative Leave effective immediately.

14. Upon information and belief, the Administrative Leave is because the Macomb County Sheriff's Department has submitted two warrant requests approximately seven weeks ago to the Prosecutor.

15. Upon information and belief, the request for charges was based on an alleged incident of July 17 or 18, 2018, and the incident of September 23, 2018.

16. The incident involved an intoxicated suspect who had been exhibiting assaultive behavior. As Stanley, along with other corrections officers, were attempting to restrain the suspect in the cell, Stanley was accused of using excessive force and assaulting a suspect.

17. James Stanley denies using excessive force in the incident.

18. Upon information and belief, based upon the Union contract and/or Department procedure, the Department could not take action against an officer for an incident that had happened more than 90 days before.

19. Upon information and belief, a Sergeant was reviewing videos, including one from back in July 2018, presumably to find any incidents that could be used as a pretext to assess discipline against James Stanley.

20. The Sergeant who found the video did not apparently follow chain-of-command, but took the video immediately to Undersheriff Darga.

21. On or about May 1, 2019 James Stanley was informed that charges were being brought against him for assault and battery for the two alleged incidents.

22. On or about May 2, 2019 the Sheriff's Department issued a press release naming James Stanley as facing two charges of misdemeanor assault and battery following two incidents.

23. Sheriff Anthony Wickersham stated in a press release referring to James Stanley as well as another unnamed Corrections Officer, "it is highly unsettling to know that our staff members have acted criminally, tarnishing the reputation that our hardworking men and women strive for every day." The press release also referenced allegations of criminal sexual conduct against a corrections deputy, but did not name that deputy.

24. The circumstances of the actions taken by the Department including, but not necessarily limited to, with respect to submitting the warrant request and placing James Stanley on Administrative Leave and issuing a press release naming Stanley by name before he has been convicted are so unusual and out of the ordinary for the Department that, it is more plausible than not, the actions were taken against Stanley in retaliation for his protected conduct in having filed a lawsuit against the Department.

25. Defendants are not entitled to governmental immunity.

## COUNT I – VIOLATION OF 42 U.S.C. §1983

26. Plaintiff reincorporates and realleges the above paragraphs as though fully stated herein.

27. Plaintiff engaged in protected activity under the First Amendment to the United States Constitution by filing a Complaint with this Honorable Court. The filing of the Complaint is protected under the First Amendment as either protected speech and/or under the right to petition.

28. The Complaint and other pleadings in the matter of *James Stanley v. Macomb County* 2:17-cv-12800 filed with this Honorable Court deal with matters of public concern including being a public record alleging retaliation by the Sheriff's Department and Sheriff Wickersham for supporting a political opponent of Sheriff Wickersham and for not politically supporting

Sheriff Wickersham, as well as pointing out instances of favoritism within the Macomb County Sheriff's Department.

29. The adverse actions taken by Defendants after Plaintiff's exercise of his rights under the First Amendment, include but are not necessarily limited to:

   A. Subjecting Plaintiff to strict scrutiny;

   B. Going back and reviewing videotapes with the goal of, upon information and belief, finding pretext to take action against Plaintiff;

   C. Referring Plaintiff for criminal charges in the absence of complaining witnesses in a highly unusual move for the Department;

   D. Placing Plaintiff on administrative leave prior to charges being filed;

   E. Issuing a press release(s) naming James Stanley and accusing him of criminal conduct prior to any conviction;

   F. Referring incidents which would not be able to be subject to discipline against James Stanley within the Department due to more than 90 days having passed for criminal prosecution;

   G. Referring incidents for criminal prosecution in order to, upon information and belief, be able to take action against James Stanley including up to terminating his employment;

   H. The Sergeant who allegedly "discovered" the video of July, 2018 not following established chain-of-command, instead taking the video directly to Undersheriff Elizabeth Darga.

30. These actions would likely chill a person, including employees of the Macomb County Sheriff's Department, of ordinary firmness from exercising their rights under the First Amendment.

31. Plaintiff James Stanley vigorously disputes that he used excessive force in either of the two incidents and he acted as necessary and in accordance with Department policies with respect to maintaining control over intoxicated and/or combative suspects.

32. Defendants are not entitled to governmental immunity under State law since the allegations against them involve violations of the United States Constitution.

33. Defendants are not entitled to immunity under Federal law since the right to be free from retaliation for exercising rights under the First Amendment is a clearly established right.

34. James Stanley's Rights under the First Amendment have been made applicable to governmental units such as Macomb County under 42 U.S.C. §1983.

35. James Stanley was subject to retaliation including, but not necessarily limited to, the actions taken against him as more fully set forth above, in violation of his rights under the First Amendment based upon a policy, custom, or practice by Defendant Macomb County, in particular the Macomb County Sheriff's Department practice of retaliating against members and employees of the Macomb County Sheriff's Department who "spoke out" against, or failed to support, Sheriff Anthony Wickerhsam.

36. James Stanley has sustained an adverse employment action as a result of the actions by Defendants including, but not necessarily limited to, being placed on administrative leave and losing the opportunity to accrue overtime and/or shift premiums. The actions by Defendants the Macomb County Sheriff's Department, Sheriff Anthony Wickersham, and Undersheriff Elizabeth Darga have caused grave damage to the reputation of Plaintiff James Stanley and have caused him severe emotional and mental distress.

37. Defendants deprived Plaintiff of a protected property interest in maintaining an active position as a Sergeant in the Macomb County Sheriff's Department without due process, in violation of the Fourteenth Amendment to the United States Constitution.

38. As a result of Defendants' actions more as fully set forth above Plaintiff has sustained damages, including, but not necessarily limited to, economic damages, non-economic damages, including damage to their reputations, emotional distress, mental distress, pain and suffering, as well as being entitled to exemplary and/or punitive damages.

WHEREFORE Plaintiff James Stanley respectfully requests this Honorable Court award him all damages allowed under the law, including, but not necessarily limited to, damages for economic losses, non-economic losses, exemplary damages, punitive damages, as well as costs, interests, and attorney's fees.

## COUNT II – VIOLATION OF THE MICHIGAN CONSTITUTION

39. Plaintiff reincorporates and realleges the above paragraphs as though more fully stated herein.
40. As the Sheriff of Macomb County, Defendant Anthony Wickersham's acts represent official policy of Macomb County and are attributable to Macomb County.
41. As the Undersheriff of Macomb County, Defendant Elizabeth Darga's acts represent official policy of Macomb County and are attributable to Macomb County.
42. Plaintiff engaged in protected activity under the Michigan Constitution by filing a Complaint with the United States District Court against Macomb County and against Sheriff Anthony Wickersham.
43. The Complaint and other pleadings in the matter of *James Stanley v. Macomb County* 2:17-cv-12800 filed with this Honorable Court deal with matters of public concern including being a public record alleging retaliation by the Sheriff's Department and Sheriff Wickersham for supporting a political opponent of Sheriff Wickersham and for not politically supporting Sheriff Wickersham, as well as pointing out instances of favoritism within the Macomb County Sheriff's Department.

44. The adverse actions taken by Defendants after Plaintiff's exercise of his rights under the Michigan Constitution, include but are not necessarily limited to:
    A. Subjecting Plaintiff to strict scrutiny;
    B. Going back and reviewing videotapes with the goal of, upon information and belief, finding pretext to take action against Plaintiff;
    C. Referring Plaintiff for criminal charges in the absence of complaining witnesses in a highly unusual move for the Department;
    D. Placing Plaintiff on administrative leave prior to charges being filed;
    E. Issuing a press release(s) naming James Stanley and accusing him of criminal conduct prior to any conviction;
    F. Referring incidents which would not be able to be subject to discipline against James Stanley within the Department due to more than 90 days having passed for criminal prosecution;
    G. Referring incidents for criminal prosecution in order to, upon information and belief, be able to take action against James Stanley including up to terminating his employment;
    H. The Sergeant who allegedly "discovered" the video of July, 2018 not following established chain-of-command, instead taking the video directly to Undersheriff Elizabeth Darga.
45. These actions would likely chill a person, including employees of the Macomb County Sheriff's Department, of ordinary firmness from exercising their rights under the Michigan Constitution.

46. Plaintiff James Stanley vigorously disputes that he used excessive force in either of the two incidents and he acted as necessary and in accordance with Department policies with respect to maintaining control over intoxicated and/or combative suspects.

47. Defendants' are not entitled to governmental immunity on these claims for violation of the Michigan Constitution.

WHEREFORE Plaintiff James Stanley respectfully requests this Honorable Court award him all damages allowed under the law, including, but not necessarily limited to, damages for economic losses, non-economic losses, exemplary damages, punitive damages, as well as costs, interests, and attorney's fees.

## COUNT III – VIOLATION OF THE MICHIGAN WHISTLEBLOWERS' PROTECTION ACT, MCL 15.31 *ET SEQ.*

48. Plaintiff reincorporates and realleges the above paragraphs as though more fully stated herein.

49. Plaintiff was an employee and Defendants were his employer covered by and within the meaning of the Whistleblowers' Protection Act, MCL 15.31 *et. seq.*

50. Under the Michigan Whistleblowers' Protection Act, protected activity occurs when an employee reports a violation or a suspected a violation of a law or regulation or rule promulgated pursuant to law.

51. Plaintiff reported a violation or suspected violation of a law to a public body when Plaintiff filed his lawsuit in the United States District Court for the Eastern District of Michigan in the matter of *James Stanley v. Macomb County*, 2:17-cv-12800, alleging violations of the United States Constitution and the Constitution of the State of Michigan.

52. The Complaint and other pleadings in the matter of *James Stanley v. Macomb County* 2:17-cv-12800 filed with this Honorable Court deal with matters of public concern including being a public record alleging retaliation by the Sheriff's Department and Sheriff Wickersham for

supporting a political opponent of Sheriff Wickersham and for not politically supporting Sheriff Wickersham, as well as pointing out instances of favoritism within the Macomb County Sheriff's Department.

53. The circumstances of the following adverse actions taken against James Stanley after the filing of his Complaint make it more plausible than not that he was retaliated against and discriminated against for engaging in protected conduct under the Whistleblowers' Protection Act including the following, but not necessarily limited to, actions:

    A. Subjecting Plaintiff to strict scrutiny;

    B. Going back and reviewing videotapes with the goal of, upon information and belief, finding pretext to take action against Plaintiff;

    C. Referring Plaintiff for criminal charges in the absence of complaining witnesses in a highly unusual move for the Department;

    D. Placing Plaintiff on administrative leave prior to charges being filed;

    E. Issuing a press release(s) naming James Stanley and accusing him of criminal conduct prior to any conviction;

    F. Referring incidents which would not be able to be subject to discipline against James Stanley within the Department due to more than 90 days having passed for criminal prosecution;

    G. Referring incidents for criminal prosecution in order to, upon information and belief, be able to take action against James Stanley including up to terminating his employment;

    H. The Sergeant who allegedly "discovered" the video of July, 2018 not following established chain-of-command, instead taking the video directly to Undersheriff Elizabeth Darga.

10

54. These actions would likely chill a person, including employees of the Macomb County Sheriff's Department, of ordinary firmness from exercising their rights under the Michigan Constitution.

55. Plaintiff James Stanley vigorously disputes that he used excessive force in either of the two incidents and he acted as necessary and in accordance with Department policies with respect to maintaining control over intoxicated and/or combative suspects.

56. Defendants' are not entitled to governmental immunity for violating the Whistleblowers' Protection Act.

57. James Stanley has sustained an adverse employment action as a result of the actions by Defendants including, but not necessarily limited to, being placed on administrative leave and losing the opportunity to accrue overtime and/or shift premiums. The actions by Defendants the Macomb County Sheriff's Department, Sheriff Anthony Wickersham, and Undersheriff Elizabeth Darga have caused grave damage to the reputation of Plaintiff James Stanley and have caused him severe emotional and mental distress.

58. As a result of Defendants' actions more as fully set forth above Plaintiff has sustained damages, including, but not necessarily limited to, economic damages, non-economic damages, including damage to their reputations, emotional distress, mental distress, pain and suffering, as well as being entitled to exemplary and/or punitive damages.

WHEREFORE Plaintiff James Stanley respectfully requests this Honorable Court award him all damages allowed under the law, including, but not necessarily limited to, damages for economic losses, non-economic losses, exemplary damages, punitive damages, as well as costs, interests, and attorney's fees.

## COUNT IV - DEFAMATION

59. Plaintiff reincorporates and realleges the above paragraphs as though more fully stated herein.

60. On or about May 2, 2019 the Macomb County Sheriff's Office issued a press release and Macomb County Sheriff Anthony Wickersham stated:

    "It is our job to not only protect the citizens of Macomb County, but to also protect the inmates housed in the Macomb County Jail. Our agency is filled with hard working individuals that possess ethics and integrity; men and women that come to work each day knowing that they are dealing with the people that society fears. These two men violated agency policy and their behavior is unacceptable. We did not hesitate to take action in either case and thorough investigations were completed. The results of these investigations were turned over to the Macomb County Prosecutor's Office with requests for criminal charges. It is highly unsettling to know that our staff members have acted criminally, tarnishing the reputation that our hard working men and women strive for every day. We will continue to work to the best of our abilities, stay transparent, and keep the trust of the citizens that we serve."

61. The statements made by Sheriff Anthony Wickersham in the press release from the Macomb County Sheriff's Office including, but not necessarily limited to, the statement referring specifically to James Stanley and the unnamed Corrections Officer involved in a separate incident that, "it is highly unsettling to know that our staff members have acted criminally, tarnishing the reputation that our hardworking men and women strive for every day" is an accusation of criminal activity on the part of James Stanley.

62. Although James Stanley was charged with two charges of misdemeanor assault or assault and battery based on information provided by the Macomb County Sheriff's Department, at the time of the press release James Stanley had not been convicted by a jury or court of either of the two charges. The statements made by the Macomb Sheriff's Office and Sheriff Anthony Wickersham in the press release are not entitled to either an absolute or qualified privilege.

63. The statements made as more fully set forth above by the Macomb County Sheriff's Office and Anthony Wickersham in the press release were made as statements of fact and not statements of opinion.

64. These statements were defamation per se under Michigan law since they are accusations of criminal activity on the part of James Stanley.

65. Defendants Macomb County and Anthony Wickersham made the above unprivileged communications to third parties when they made these statements in a press release.

66. There was fault on the part Defendant Macomb County through the Macomb County Sheriff's Office and on the part of Defendant Anthony Wickersham, amounting to at least negligence, in issuing the Press Release and the statements contained therein, including the statement accusing James Stanley of "have acted criminally".

67. The statements in the Press Release either constitute defamation per se and/or caused a special harm to the reputation of James Stanley.

68. On or about May 2, 2019 James Stanley was informed by more than one person that they had seen news reports based on the Press Release. Multiple news sources including, but not necessarily limited to, the Detroit Free Press, www.clickondetroit.com, and Fox 2 News Detroit, made reports based on the Press Release.

69. The Press Release was further defaming, misleading and damaging to James Stanley's reputation since the Press Release referencing criminal activity on the part of members of the Sheriff's Department referenced both James Stanley by name and an unnamed Corrections Officer of the Department who was accused of sexual assault.

70. When the media published information from the Press Release, it resulted in headlines such as the one in the Detroit Free Press, "Ex-corrections officer accused of sexual relations with Macomb County jail inmate." It is reasonably foreseeable to Defendants that by issuing a Press Release grouping James Stanley in with an unnamed Corrections Officer who was accused of sexually assaulting an inmate, that a false correction would be made in the mind of

the public that it was James Stanley who was accused of sexually assaulting an inmate and facing charges of sexual assault, as opposed to two misdemeanors.

71. Defendant Macomb County is liable for the actions of its agent Anthony Wickersham in defaming James Stanley since those statements were made and committed within the scope of the agency bestowed by Macomb County upon Sheriff Anthony Wickersham.

72. As a result of the actions by Defendants and the statements by Defendants in the Press Release, James Stanley has sustained extreme mental and emotional distress which has manifested itself in physical symptoms as well as damage to his reputation in the community.

WHEREFORE Plaintiff James Stanley respectfully requests this Honorable Court award him all damages allowed under the law, including, but not necessarily limited to, damages for economic losses, non-economic losses, exemplary damages, punitive damages, as well as costs, interests, and attorney's fees.

Respectfully submitted,
THE CORTESE LAW FIRM, PLC

/s/Nanette L. Cortese
Nanette L. Cortese (P-43049)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 593-6933/fax (248) 593-7933
ncortese@thecorteselawfirm.com

Dated: May 29, 2019

STATE OF MICHIGAN
IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SERGEANT JAMES STANLEY,

    Plaintiff,

v.                                                    Case No:
                                                      HON.

MACOMB COUNTY,
SHERIFF ANTHONY M. WICKERSHAM,
UNDERSHERIFF ELIZABETH DARGA,

    Defendants.

---

THE CORTESE LAW FIRM, PLC
Nanette L. Cortese (P43049)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 593-6933/fax (248) 593-7933
ncortese@thecorteselawfirm.com

---

## JURY DEMAND

    NOW COMES Plaintiff, James Stanley by and through his attorneys, The Cortese Law Firm, PLC, and hereby respectfully demands a trial by jury on all issues allowed by law.

                                          Respectfully submitted,
                                          THE CORTESE LAW FIRM, PLC

                                          /s/Nanette L. Cortese
                                          Nanette L. Cortese (P-43049)
                                          Attorney for Plaintiff
                                          30200 Telegraph Road, Suite 400
                                          Bingham Farms, MI  48025
                                          (248) 593-6933/fax (248) 593-7933
                                          ncortese@thecorteselawfirm.com

Dated: May 29, 2019